**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

| | | |
|---|---|---|
| WYCLIFFE ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counter-Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-00040-TWP-DML |
| | ) | |
| LIGHTHOUSE CONSTRUCTION SERVICES, LLC, | ) | |
| | ) | |
| Defendant and | ) | |
| Counter-Claimant. | ) | |
| _____ | ) | |
| | ) | |
| HWZ DISTRIBUTION GROUP, LLC d/b/a NEXGEN BUILDING SUPPLY, | ) | |
| | ) | |
| Intervenor Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LIGHTHOUSE CONSTRUCTION SERVICES, LLC, and WILLIAM D. STRICKER a/k/a DAVID STRICKER, | ) | |
| | ) | |
| Intervenor Defendants. | ) | |

**ENTRY ON INTERVENOR PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 by Intervenor Plaintiff HWZ Distribution Group, LLC, doing business as NexGen Building Supply ("NexGen") (Filing No. 53). Plaintiff Wycliffe Enterprises, Inc. ("Wycliffe") and Defendant Lighthouse Construction Services, LLC ("Lighthouse") entered into three subcontract agreements, whereby Lighthouse would perform a portion of the work called for under Wycliffe's contracts with other parties. Under one of the three subcontracts, NexGen

contracted with Lighthouse to provide materials on behalf of Lighthouse. After NexGen provided the materials to Lighthouse, Lighthouse failed to pay NexGen according to the parties' agreement. Wycliffe and Lighthouse commenced litigation over contractual disputes, and then NexGen filed an Intervening Complaint to assert its claim based on Lighthouse's failure to pay NexGen for its materials. Thereafter, NexGen filed a Motion for Summary Judgment on its claim against Lighthouse. For the following reasons, the Motion for Summary Judgment is **granted in part and denied in part**.

## I.     BACKGROUND

The following facts are not necessarily objectively true, but, as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Lighthouse as the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Wycliffe, a Premier Response Solution Contractor, is a Maryland corporation based out of Frederick, Maryland. Lighthouse is an Indiana limited liability company based out of New Albany, Indiana. William D. Stricker, also known as David Stricker ("Stricker"), is the sole member of Lighthouse. NexGen is a Kentucky limited liability company based out of Fayette County, Kentucky.

Wycliff was the general contractor on several projects in which it issued subcontracts to Lighthouse to perform a portion of the work. Specifically, on August 28, 2013, Wycliffe entered into a subcontract agreement wherein Lighthouse would perform a portion of the work under its contract between Wycliffe and the City of Jeffersonville, Indiana for construction of a project in Jeffersonville, Indiana known as the Big Four Bridge Station ("Big Four Project") (Filing No. 12-

1). The Big Four Bridge spans the Ohio River and connects Louisville, Kentucky to Jeffersonville, Indiana for pedestrians and bicyclists[1].

On November 12, 2013, Wycliffe entered into a subcontract agreement wherein Lighthouse would perform a portion of the work called for under a contract between Wycliffe and the United States Air Force at Grissom Air Force Base in Kokomo, Indiana ("Grissom Project") (Filing No. 10-1).

On November 12, 2013, Wycliffe entered into a subcontract agreement wherein Lighthouse would perform a portion of the work called for under a contract between Wycliffe and Family Health Center, Inc. for construction of a project in Louisville, Kentucky known as Phoenix Health Center Renovation and Addition ("Phoenix Project") (Filing No. 10-2).

NexGen provided materials in the amount of $14,650.92 to Lighthouse for the Big Four Project at the request of Lighthouse and Stricker pursuant to a line of credit agreement. Stricker signed as a personal guarantor on the line of credit agreement. Lighthouse and Stricker failed to pay for the materials provided by NexGen. Therefore, Lighthouse and Stricker owe NexGen $14,650.92, plus finance charges of $577.26, for a total amount due of $15,228.18, plus interest, costs, and attorney fees pursuant to their agreement (Filing No. 21 at 2; Filing No. 53-4 at 2–5; Filing No. 53-2 at 2; Filing No. 53-3 at 2).

The dispute in this matter surrounds Wycliffe's allegations that Lighthouse breached the subcontract agreements with it for both the Grissom Project and Phoenix Project by failing to complete the work required under the subcontracts in conformance with their requirements, failing to make payment for labor and materials provided under the scope of Lighthouse's obligations under the subcontracts, and by breaching warranties with respect to the scope of work included in

---

[1] https://www.jeffmainstreet.org/downtown-revitalization/big-four-bridge.

Lighthouse's obligations under the subcontracts (Filing No. 10 at 2). For their part, Lighthouse alleges that it performed services, purchased supplies, and incurred costs for labor and other expenses associated with the work performed on the Big Four Project, Grissom Project, and Phoenix Project, for which Wycliffe has refused appropriate payments. Wycliffe further alleges that Lighthouse first breached the subcontracts (Filing No. 12 at 4).

Based on the contractual dispute between Wycliffe and Lighthouse, Wycliffe filed a Complaint for breach of contract against Lighthouse on April 1, 2015, and then amended its Complaint on April 21, 2015, to address a jurisdictional issue in its original Complaint (Filing No. 10). On May 11, 2015, Lighthouse filed an Answer and asserted a counterclaim for breach of contract against Wycliffe (Filing No. 12). Then on October 9, 2015, NexGen filed a motion to intervene in this matter to assert its claim for breach of contract based on the failure of Lighthouse and Stricker to pay for the materials provided by NexGen for the Big Four Project. The Court granted the motion to intervene, and NexGen's Intervening Complaint was filed on December 9, 2015 (Filing No. 21). On December 15, 2016, NexGen filed a Motion for Summary Judgment, asserting that it is entitled to judgment because there are no genuine issues of material fact that Lighthouse received materials from NexGen pursuant to their contract, and Lighthouse never paid NexGen for those materials.

## II. SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 106 S. Ct. 1348 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

### III.   DISCUSSION

The entirety of NexGen's summary judgment filing is as follows:

> [NexGen], by counsel, hereby moves the Court for summary judgment in its behalf against [Lighthouse and Stricker]. There are no genuine issues of material fact, and [NexGen] is entitled to judgment as a matter of law.
>
> [NexGen] provided labor and/or materials to [Lighthouse] for the project known as the "Big 4 Bridge Project, Jeffersonville, Indiana," at the request of [Lighthouse and Stricker]. [Lighthouse and Stricker] have failed and refused to pay [NexGen] the balance owing to [NexGen], and [Lighthouse and Stricker] owe [NexGen] for the labor and/or materials, plus interest, in the amount of $15,228.18. [Stricker] signed a Credit Application as well as a Personal Guarantee for this debt.
>
> [NexGen] is entitled to its collection costs, court costs and attorney fees in the bringing of this action, pursuant to the Credit Application and the Personal Guarantee signed by [Stricker].
>
> Attached hereto in support of [NexGen]'s motion for summary judgment is an Affidavit of [NexGen], with copies of the Credit Application and Personal Guarantee, and the open invoices owed to [NexGen].

([Filing No. 53 at 2](#)).

Lighthouse, which is represented by counsel, answered NexGen's Intervening Complaint by admitting that NexGen "provided labor and/or materials to [Lighthouse] for the project known as the 'Big 4 Bridge Project, Jeffersonville, Indiana' at the request of [Lighthouse]." ([Filing No. 22 at 2](#), ¶ 3.) Lighthouse further admitted that it "has been unable to fully pay [NexGen] for all amounts of labor and/or materials provided." *Id.* at ¶ 4. Despite being represented by counsel, Lighthouse failed to respond to NexGen's Motion for Summary Judgment. Therefore, the facts raised in NexGen's short summary judgment filing are deemed admitted.

Based on Lighthouse's admissions and on the designated evidence attached to NexGen's Motion, the Court determines that Lighthouse and Stricker entered an agreement with NexGen whereby NexGen provided materials for the Big Four Project, and Lighthouse and Stricker failed to pay for the materials supplied by NexGen. This amounts to a breach of contract. The amount of damages due to NexGen is $15,228.18 ([Filing No. 53-3 at 2](#); [Filing No. 53-2 at 2](#)). Therefore, the Court **GRANTS** summary judgment in favor of NexGen and against Lighthouse in the amount

of $15,228.18. The Court notes that Stricker signed a personal guarantee for the debt. However, the Court **DENIES** summary judgment against Stricker because Stricker never received service of process, and no attorney entered an appearance on his behalf. Pursuant to the parties' contractual agreement, NexGen is entitled to attorney fees and costs (Filing No. 53-4). Within **thirty (30) days** of the date of this Order, NexGen is **ordered** to file a bill of costs to pursue collection of its fees and costs.

As a final matter, the Court notes that counsel for NexGen has never filed an appearance. Counsel is **ordered** to file an appearance on behalf of NexGen within **seven (7) days** of the date of this Order.[2] An award of attorney fees is contingent upon counsel's compliance with the local rules of this court.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** NexGen's Motion for Summary Judgment against Lighthouse in the amount of $15,228.18, but **DENIES** the Motion as to Stricker (Filing No. 53). Counsel for NexGen is **ordered** to file an appearance on behalf of NexGen within **seven (7) days** and its bill of costs within **thirty (30) days** of the date of this Entry.

No final judgment will issue at this time.

**SO ORDERED.**

Date: 3/14/2017

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[2] "Every attorney who represents a party or who files a document on a party's behalf must file an appearance for that party. Only those attorneys who have filed an appearance in a pending action are entitled to be served with case documents under Fed. R. Civ. P. 5(a)." Local Rule 83-7(a).

DISTRIBUTION:

Dennis J. Stilger
djstilger@live.com

Thomas E. Roma, Jr.
ACKERSON & YANN PLLC
troma@ackersonlegal.com

Amy D. Cubbage
MCBRAYER MCGINNIS LESLIE & KIRKLAND PLLC
acubbage@ackersonlegal.com

Laurie Goetz Kemp
KIGHTLINGER & GRAY, LLP-New Albany
lkemp@k-glaw.com